**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

PLAYWORKS, INC.,                           )
                                          )
    Plaintiff,                        )         CIVIL ACTION
                                          )         FILE NO.
      vs.                            )
                                          )
PLAYWORKS EDUCATION ENERGIZED,            )
                                          )
    Defendant.                        )
_____   )

## COMPLAINT

COMES NOW, Plaintiff PLAYWORKS, INC., ("Plaintiff" or "Playworks Georgia") by and through its counsel and seeks injunctive relief and damages against Defendant PLAYWORKS EDUCATION ENERGIZED a/k/a/ PLAYWORKS ("Defendant" or "Playworks California") for its service mark and/or trademark infringement, trade name infringement, trademark dilution and injury to business reputation, misappropriation, deceptive trade practices, unfair competition and fraudulent encroachment, in violation of the laws of the United States and the State of Georgia, respectfully alleging as follows.

1

## SUBSTANCE OF THE ACTION

1.     This is an action at law and in equity for trademark and service mark infringement, unfair competition, and fraudulent encroachment, arising under the Trade Act of 1946 (the "Lanham Act"), as amended, 15 U.S.C. §§ 1051 *et seq.*, trademark and service mark infringement and dilution, trade name infringement, unfair competition and fraudulent encroachment, misappropriation, injury to business reputation, and deceptive acts and practices under the laws of the United States and the State of Georgia and the common law. Playworks Georgia seeks monetary and injunctive relief against Defendant.

## THE PARTIES

2.     Playworks Georgia is a corporation organized and existing under the laws of the State of Georgia having its principal place of business at 4641 Roswell Road, Atlanta, Fulton County, Georgia 30342.

3.     For many years, schools, families, professionals, and individuals throughout Atlanta, especially Fulton County (the "Area"), have recognized Playworks Georgia as a provider of pediatric occupational therapy services (the "Services"), and Playworks Georgia's Services are, and have always been, affiliated with its use of the service mark "Playworks" (the "Playworks Georgia Trademark") under the trade name "Playworks" (the "Playworks Georgia Trade Name") (the

2

Playworks Georgia Trademark and the Playworks Georgia Trade Name may be collectively referred to herein as the "Playworks Georgia Marks").

4.    Defendant is a non-profit corporation organized and existing under the laws of the State of California with its principal place of business at 380 Washington Street, Oakland, California 94607.

5.    Service of Summons and this Complaint may be perfected by serving a Second Original thereof on Defendant's registered agent, National Registered Agents, Inc. at 818 W. Seventh Street, Los Angeles, California 90017. Alternatively, service of Summons and this Complaint may be perfected upon Defendant's managing agent or other executive representative at One Georgia Center, 600 West Peachtree Street, N.W., Suite 1820, Atlanta, Fulton County, Georgia.

6.    Defendant Playworks California is understood to provide services relating to physical activity instruction in schools.

7.    As of the date hereof, Defendant is not registered with the Georgia Secretary of State to do business in this State, yet continues to provide its services and transact business here.

3

8.     Defendant is soliciting, engaging in, or otherwise conducting business in Georgia and in this judicial district.   Defendant is offering and providing its services in Georgia, within the Area.

9.     Defendant, through its website [www.playworks.org], is, among other items, actively posting the Playworks California services offered in Georgia and for certain job openings in Georgia.

## JURISDICTION AND VENUE

10.    This action arises *inter alia* under the Lanham Act and Georgia statutory and common law claims.

11.    This Court has original subject-matter jurisdiction of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, as it involves claims arising under the Lanham Act.

12.    This Court has supplemental subject-matter jurisdiction over the state statutory and common law claims alleged herein because those claims are so related to Plaintiff's claims under the Lanham Act, such that they form part of the same case or controversy as provided in 28 U.S.C. § 1367.

13.    Subject matter jurisdiction is also proper under 28 U.S.C. § 1332, as complete diversity between the parties exist and the amount in controversy herein is understood to exceed $75,000.00 exclusive of interest and costs.

4

14.     This Court has personal jurisdiction over the Defendant due to its minimum contacts within the State of Georgia and this federal district by systematically conducting business, committing torts, and causing injury in the State of Georgia and this District, as alleged herein.

15.     Venue of this action is properly laid in the Northern District of Georgia, Atlanta Division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the events, acts or omissions giving rise to this claim have occurred and continue to occur in this Judicial District.

16.     Pursuant to LR 3.1(B)(2) and (3) of the U.S. District Court for the Northern District of Georgia, venue is proper in the Atlanta Division of this District because Plaintiff is located in this Division and because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this Division.

## FACTS GIVING RISE TO THIS ACTION

**A.     Plaintiff Playworks Georgia's Activities, Trademark and Trade Name.**

17.     In 2002, Playworks Georgia started its business using the Playworks Georgia Trade Name.

18.     Since then, Playworks Georgia has routinely and continuously provided occupational therapy services to daycare children, pre-school students,

5

public and private elementary, middle and high school students, individuals and families residing in and around the Area, and directly to schools in the Area in the form of professional training and consulting.

19.    On March 11, 2002, Playworks Georgia was incorporated under the laws of the State of Georgia as Playworks Pediatric Services, Inc. d/b/a "Playworks."  Since then, it has continuously and perpetually used the Playworks Georgia Trademark in association and connection with providing pediatric occupational therapy services to schools, individuals, and families in the Area.

20.    On May 2, 2014, Plaintiff legally amended its name to "Playworks, Inc." and the Georgia Secretary of State issued it a Certificate of Name Change memorializing the modified name in Georgia.[1]

21.    Since March 2002, Playworks Georgia has continuously and perpetually operated under and provided services under the Playworks Georgia Marks in connection with the operation, management, and marketing of its Services and promotion of its business in and around the Area.

---

[1] Once Plaintiff became aware that the "Playworks, Inc." name became available in Georgia, it filed its Articles of Amendment with the Georgia Secretary of State.  Had said name been available in 2002, Plaintiff would have registered under the name then.

22.   Playworks Georgia has utilized prolonged, costly and highly successful efforts to develop its business in the Area in connection with the Playworks Georgia Marks.

23.   Since 2002, the Playworks Georgia Marks have enjoyed recognition and a stellar reputation amongst schools, referral sources, providers, individuals, families, teachers, and medical professionals in and around the Area.

24.   Georgia consumers associate the Playworks Georgia Trademark with services provided by Playworks Georgia.

25.   During its approximate twelve (12) year existence, Playworks Georgia has constantly promoted the Playworks Georgia Trademark and the services provided thereunder and the Playworks Georgia Trade Name in the Area.   Its promotional activities include, without limitation: providing educational seminars, workshops and lectures.

26.   Plaintiff markets its Playworks Georgia Marks in the Area through referral sources including, but not limited to, current and former clients, teachers, school administrators, pediatricians, day care center directors, occupational therapists, speech therapists, physical therapists, psychologists, psychiatrists, social workers, school learning specialists, child life specialists, developmental

optometrists, family support groups, childcare givers, childcare specialists, and children's after school directors (collectively, the "Referral Sources").

27.    Since March 2002, Playworks Georgia has become a reputable and prestigious provider of pediatric occupational therapy to the Area's public and private schools and families under the Playworks Georgia Marks.

28.    Playworks Georgia had acquired such fame in the public eye throughout the Area by 2014 that approximately forty-five (45) Atlanta schools spanning over four (4) counties in and around the Area use Playworks Georgia as a resource to schools and families in need of the Services.

29.    Playworks Georgia is a known provider of pediatric occupational services, bestowing Playworks Georgia with heightened recognition in the Area.

30.    After continuously operating for over twelve (12) years and being featured in articles, and workshops, the Area's public at-large readily identifies Playworks Georgia with the word "PLAYWORKS."

31.    The Playworks Georgia Trademark has come to represent pediatric occupational therapy services of high quality, and is readily associated with services provided or authorized by Playworks Georgia.

32.    Also, Playworks Georgia is the registered owner of Georgia State Service Mark Number S-27221 for the Playworks Georgia Trademark in connection

with providing pediatric occupational therapy services to families and schools. Playworks Georgia received its Registered Service Mark Number S-27221 on May 8, 2014 based upon a date of first use in commerce on March 11, 2002 (the "Playworks GA Trademark Registration").

33.     Playworks Georgia is the owner of a State of Georgia, Fulton County Trade Name, Recorded at Business 42 Page 608, Number 2014-0154900 (the "Playworks GA Trade Name Registration), for the Playworks Georgia Trade Name in connection with a business that provides pediatric occupational therapy services to families and schools, filed and recorded on May 8, 2014.  The Playworks GA Trademark Registration and the Playworks GA Trade Name Registration may be collectively referred to herein as the "Playworks Georgia Registrations."

**B.     Defendant's Infringement of the Playworks Georgia Marks and Unlawful Conduct.**

34.     Plaintiff brings this action to stop Defendant from benefiting from the enormous goodwill associated with Playworks Georgia and from passing off Defendant's services as those offered, endorsed, or provided by Plaintiff.

35.     Defendant's misconduct is likely to cause confusion, has caused actual confusion, is likely to deceive consumers and the public and will continue to do so absent relief from this Honorable Court.

9

36.     Defendant Playworks California provides physical activity instruction in schools under the mark "PLAYWORKS" and owns and operates a website located at [www.playworks.org], which offers content related to Defendant's business.

37.     As more fully detailed below, Defendant Playworks began actively encroaching upon and usurping Plaintiff's Playworks Georgia Marks within the Area on or around April 2014.

38.     Notwithstanding Plaintiff's strong and irrefutable prior rights, Defendant is willfully and intentionally offering its services in the Area under a trademark and trade name confusingly similar to Plaintiff's Playworks Georgia Marks.

39.     Defendant's unauthorized use of the Playworks Georgia Marks in the Area is likely to cause, and in fact has caused, confusion and deception of consumers into believing that Defendant's business and services are associated or affiliated in some manner with Plaintiff, when in fact, they are not.

40.     Accordingly, Plaintiff has been forced to bring this action to protect and preserve its proprietary rights to the Playworks Georgia Marks in the Area.

41.     On December 1, 2008, Defendant filed with the United States PTO, application serial number 3,772,824 (the "Application") to register the

PLAYWORKS mark as a service mark for use in connection with providing "physical activity instruction" in schools.

42.     The Application is based upon Defendant's use of the PLAYWORKS mark in commerce and claims a date of first use in commerce of July 15, 2009 -- almost seven (7) years <u>after</u> Plaintiff started its business and almost seven (7) years <u>after</u> Plaintiff began using the Playworks Georgia Marks in connection with providing the Services to schools and families in the Area.

43.     Plaintiff's Playworks Georgia Trademark and Defendant's service mark PLAYWORKS have the identical pronunciation, the identical possessive, and identical spelling.

44.     Plaintiff and Defendant both offer and provide their services under the mark "Playworks" to elementary schools in the Area.

45.     Plaintiff is informed and believes and thereon alleges that before Defendant launched its business in the Area, Defendant conducted standard formal preparatory steps, including searching for the mark PLAYWORKS in Georgia, which produced a website and numerous articles discussing Plaintiff's business and use of the Playworks Georgia Marks in the Area.  Nonetheless, Defendant proceeded forward to establish and market itself in the Area under the name PLAYWORKS.

46.     Defendant has knowingly advertised the Playworks Georgia Trademark in associating with Defendant's services in various articles, magazines, workshops, and other marketing materials in various forms and formats which have been published and disseminated in Georgia, including but not limited to, the Area.

47.     For instance, on or around April 2014, Defendant sent electronic marketing communications directly to Georgia consumers in the general public, informing them that Defendant was coming to Georgia to provide its services in the Area under the Playworks Georgia Marks.

48.     On or about April 17, 2014, Playworks Georgia discovered that Defendant was using terms such as "Playworks is coming to Georgia" and "Hello, Georgia! Come meet Playworks at the Playshop!" on its promotional materials, including, without limitation, advertisements that Defendant sent by electronic mail to individuals, schools, organizations, businesses and other related entities and persons located in the State of Georgia, including, without limitation, the Area.  A true and accurate copy of the promotional material referenced in this Paragraph is attached hereto and expressly incorporated herein by reference as Exhibit "A."

49.     Playworks Georgia has been approached by individuals, schools, and business owners in and around the Area who have learned of or have seen advertisements or information related to Defendant's use of the Playworks Georgia

12

Marks in the Area.  Some believed that Playworks Georgia was the provider of and/or somehow associated with Defendant.

50.     On or about May 6, 2014, Playworks Georgia sent correspondence to Defendant's CEO Jill Vialet (the "May 6th Cease and Desist Letter").  Said correspondence informed Defendant of its infringement of the Playworks Georgia Marks and advised Defendant to cease and desist any further use of the Playworks Georgia Marks in and around the Area.  A true and accurate copy of the May 6th Cease and Desist Letter is attached hereto and expressly incorporated herein as Exhibit "B."  Thus, Defendant acted with knowledge and intent when it used the PLAYWORKS trade name and service mark in the Area, which is confusingly similar to Plaintiff's Playworks Georgia Marks.

51.     Despite Defendant's receipt and review of the May 6th Cease and Desist Letter explaining Playworks Georgia's superior rights to the Playworks Georgia Marks in the Area, on Saturday, May 10, 2014, Defendant nonetheless sponsored a workshop under the name "Playworks" and under the Playworks Georgia Mark at the Arthur M. Blank YMCA in Atlanta, Georgia.  That YMCA is located at 555 Luckie Street, Atlanta, Georgia 30313 in the heart of downtown Atlanta -- well within the Area.

52.    The following May 2014 excerpts or "tweets" are taken from two (2) Twitter accounts believed to be owned and operated by or otherwise associated with Defendant (Twitter accounts @PlayworksCoach and @playworksforeverykid) : (i) "Thank you #Georgia Thank you #ATL you've got the #powerofplay share it with others!! #everykid plays"; (ii) "Good morning #ATL. Super excited for our PlayShop today! See you soon. Let's go #Georgia #every kid plays"; and (iii) "We're excited to announce our new long-term partnership with @Playworks" (by @GeorgiaSHAPE).  A true and accurate copy of these "tweets" are attached hereto and expressly incorporated herein by reference as Exhibit "C."

53.    Defendant's improper and unlawful use of the Playworks Georgia Marks to Plaintiff's detriment in order to expand into the Area became apparent with Georgia SHAPE's announcement that Defendant was the May 2014 "Partner of the Month."

54.    Georgia SHAPE is a network of partners, agencies and athletic teams (including the Atlanta Falcons, the Atlanta Braves, Georgia Department of Public Health, and Georgia Department of Education) that offers opportunities and assistance to improve the health of Georgia's youth.

55.    An article from Georgia Shape's website states that "Playworks [Defendant] wants schools throughout Georgia [sic] have a place for every kid on

the playground to belong, have fun and be part of the game." The Georgia SHAPE article further states that "Playworks [Defendant] training is open to any school in Georgia." A true and accurate copy of the Georgia SHAPE website article referenced in this Paragraph is attached hereto and expressly incorporated herein by reference as Exhibit "D."

56. Defendant's further expansion is planned and imminent. On or around May 2014, the Atlanta Falcons Youth Foundation announced it will be providing $750,000.00 in matching grant funding (the "Grant") to Defendant to assist Georgia elementary schools.

57. According to The Arthur M. Blank Family Foundation website [www.blankfoundation.org] (the "Blank Foundation Website"), the Grant hopes to afford Playworks California with the opportunity to "deliver the Playworks [Defendant] recess model in 24 low-income elementary schools and to provide training to an additional 55 schools, along with Centers of Hope and early education programs." A true and accurate copy of the announcements and information obtained from the Blank Foundation Website and described in this Paragraph is attached hereto and expressly incorporated herein as Exhibit "E."

58.     According to <u>Georgia SHAPE</u>, Defendant intends to infiltrate its unlawful use of Plaintiff's Playworks Georgia Marks to "more than 35,000 students at elementary schools across Georgia." <u>See</u> Exhibit D at Paragraph 3.

59.     Defendant itself has admitted that it: "has a home in Midtown Atlanta and has hit the ground running.  With senior staff hired and more folks on the way, our newest region is open for business and ready to serve Georgia schools beginning with the new school year."[2]  A true and accurate copy of the announcement described in this Paragraph obtained from Defendant's website [www.playworks.org] is attached hereto and expressly incorporated herein by reference as Exhibit "F."

60.     Defendant's website [www.playworks.org] states that "Ellen McCarty, the new executive director, has been on board since May" and that Defendant has hired a "new program director, Jamilica Burke." <u>Id</u>.   Defendant's website also includes a current Atlanta, Georgia job opening for a full-time Elementary School Program Coordinator or "Coach." <u>Id</u>.

61.     Defendant's improper use of the Playworks Georgia Marks has caused multiple instances of actual confusion in the consuming public and marketplace located in the Area.   For example, on August 13, 2014 a local Atlanta school

---

[2] Defendant's "home in Midtown" is located well within the Area at One Georgia Center, 600 West Peachtree Street, N.W., Suite 1820, Atlanta, Fulton County, Georgia.

representative telephoned Playworks Georgia, erroneously believing Defendant's services offered in the Area under the mark "PLAYWORKS" were connected and/or associated with or approved by Playworks Georgia.  Consistent with this report, Plaintiff has received communications from consumers evidencing confusion between Playworks Georgia and Playworks California's respective services. Plaintiff's counsel delivered to Defendant's counsel, a cease and desist letter dated August 15, 2014 (the "August 15th Cease and Desist Letter") describing the confusion described in this Paragraph.  A true and accurate copy of the August 15th Cease and Desist Letter is attached hereto and expressly incorporated herein as Exhibit "G."[3]

62.    In support of Defendant's intention to remain in the Area and as evidence of the impact of its marketing efforts using the Playworks Georgia Marks in the Area, The Atlanta Journal Constitution mentioned Defendant in a front-page story in its September 1, 2014 edition (the "AJC Article"), informing the public of cut backs on recess and physical education in Georgia schools despite this State's childhood obesity problem.

---

[3] The May 6th Cease and Desist Letter and the August 15th Cease and Desist Letter are in addition to other communications between Plaintiff's counsel and Defendant, by and through it's counsel, demanding Defendant cease and desist from infringing upon the Playworks Georgia Marks in the Area.

63.     The AJC Article states that "three elementary schools in metro Atlanta [are] participating this school year in a program operated by Playworks, a national nonprofit organization that aims to improve the quality of play for elementary students."   A true and accurate copy of the AJC Article is attached hereto and expressly incorporated herein by reference as Exhibit "H."

64.     Quoting Defendant's own words in its promotional materials, "Playworks is coming to Georgia," is a gross understatement.   With clear knowledge of its wrongdoing and committed resolve to forge ahead with impunity, Defendant has infringed and continues to unlawfully and intentionally infringe upon Playworks Georgia's proprietary rights.   As such, Defendant completely disregards Playworks Georgia's right to exclusive use of the Playworks Georgia Marks in the Area.   Given its conduct and dealings, Defendant Playworks has no intention to cease its infringement by leaving the Area and has no intention of refraining from its use of the Playworks Georgia Marks in and around the Area, creating consumer confusion regarding the source of Playworks Georgia's Services.

65.     Defendant continues to disrespect, disregard and usurp the trademark and trade name rights of Playworks Georgia in the Area.   Expansion of Defendant's infringement and further actual confusion as to the source or sponsorship of the services provided by Playworks Georgia and Defendant are imminent.

## COUNT I

(For False Designation of Origin Under The
Lanham Act § 43(a), 15 U.S.C. § 1125(a))

66.     Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

67.     Defendant has, on or in connection with Defendant's business, organization, and mission, used words, terms, names, symbols, devices, and combinations thereof, false designations of origin, and false and misleading descriptions and representation of facts that have caused and are likely to cause confusion, mistake, and deception as to the affiliation, connection, and association of Defendant with Plaintiff Playworks Georgia and as to the origin, sponsorship, and approval of Defendant's services provided by and under the Playworks Georgia Marks.

68.     Upon information and belief, Playworks Georgia avers that Defendant has made false representations and/or material omissions regarding its services and the connection of such services to Playworks Georgia.

69.     Such representations were made in connection with commerce.

70.     Upon information and belief, Defendant has made commercial use in commerce of the mark "PLAYWORKS" in the Area, which is confusingly similar to Plaintiff's use of the mark and name "PLAYWORKS."

19

71. Defendant's use of the "PLAYWORKS" mark in the Area began almost 12 years after Playworks Georgia incorporated and began using the Playworks Georgia Marks in connection with its business and Services.

72. Defendant's acts have caused and, unless restrained by this Honorable Court, will continue to cause Playworks Georgia and the public to suffer great and irreparable damage and injury through, inter alia, (a) a likelihood of confusion, mistake and deception among the relevant consumers, individuals and schools, as to the owner of the Playworks Georgia Marks (b) the loss of Plaintiff Playworks Georgia's valuable goodwill and business reputation symbolized by its Playworks Georgia Marks; and (c) the dilution of the distinctiveness of the Playworks Georgia Marks.

73. By engaging in the wrongful conduct described herein and above, Defendant has violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). As a proximate result thereof, Plaintiff has suffered substantial actual damages in an amount to be shown at trial.

74. Because Defendant has engaged in the conduct described herein with knowing, intentional, and fraudulent intent, this is an exceptional case which merits an award of actual damages, Defendant's profits, and costs, including reasonable

attorneys' fees against the Defendant, as awardable under 15 U.S.C. §§ 1117(a) and 1125(a).

## COUNT II

(Common Law Trademark Infringement, Trade name Infringement)

75.     Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

76.     Defendant's acts constitute common law trademark infringement and trade name infringement, and have created and will continue to create a likelihood of confusion to the irreparable injury of Plaintiff unless restrained by this Court. Plaintiff has no adequate remedy at law for this injury.

77.     On information and belief, Defendant acted with full knowledge of Plaintiff's use of and statutory and common law rights to, the Playworks Georgia Marks and without regard to the likelihood of confusion to clients, potential clients, and the public created by those activities.

78.     Defendant's actions demonstrate a willful intent to trade on the goodwill associated with Plaintiff's Playworks Georgia Marks to the great and irreparable injury of Plaintiff.

79.     As a result of Defendant's acts, Plaintiff has been damaged in an amount not as yet determined or ascertainable.  At a minimum, however, Plaintiff is

entitled to injunctive relief, to an award of Defendant's Georgia profits, and to the actual damages under the common laws of this State.

80.    The Defendant has acted in bad faith, has been stubbornly litigious and has caused Plaintiff unnecessary trouble and expense, thereby entitling Plaintiff to an award of attorney's fees and expenses pursuant to O.C.G.A. § 13-6-11.

## COUNT III

(For Deceptive Trade Practices Under O.C.G.A. § 10-1-370, *et seq.*)

81.    Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

82.    This Count arises under the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-370, *et seq.*

83.    Defendant's use of the service mark "PLAYWORKS" and the trade name "PLAYWORKS" in the Area violates Plaintiff's prior and superior rights to the Playworks Georgia Marks, and has caused and/or is likely to create confusion or misunderstanding as to the affiliation, connection, or association of Defendant's services with Playworks Georgia and its services, in violation of the Georgia Deceptive Trade Practices Act, O.C.G.A. § 10-1-372.

84.    Defendant has willfully engaged in the use of the Plaintiff's Playworks Georgia Marks while knowing the use to be unauthorized and deceptive.

22

85.     The Defendant's aforesaid acts each directly and proximately has caused and, without judicial intervention, will continue to cause Playworks Georgia irreparable harm for which there is no adequate remedy at law, thereby entitling Plaintiff to equitable injunctive relief against Defendant, restraining and enjoining it from using the Playworks Georgia Marks in the Area pursuant to O.C.G.A. § 10-1-373(a).

86.     Defendant's acts will also continue to cause Plaintiff to incur monetary damages in an amount to be determined at trial.

87.     Plaintiff is further entitled to its expenses of litigation, including its reasonable attorneys' fees pursuant to O.C.G.A. § 10-1-373(b).

## COUNT IV

(For Violation of the Georgia Unfair Competition Statute Pursuant to O.C.G.A. § 23-2-55 and Georgia Common Law)

88.     Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

89.     Defendant has and is engaged in misleading, deceptive, or other fraudulent acts or practices in violation of the prohibitions against unfair competition found at O.C.G.A. § 23-2-55 and under the common laws of Georgia.

90.     Defendant's actions constitute an attempt to encroach upon the business of Plaintiff by the use of the service mark and trade name "PLAYWORKS," the Plaintiff's Playworks Georgia Marks.

91.     The Defendant's use of a similar trade name and service mark creates the unreasonable risk that individuals, consumers, families, schools and the public may falsely conclude that there exists some affiliation, connection, or association between and among Plaintiff and Defendant.

92.     Defendant had actual knowledge of Plaintiff's rights at the time Defendant planned and decided to use Plaintiff's Playworks Georgia Marks in the Area.   Thus, Defendant is willfully and deliberately infringing upon Plaintiff's rights.

93.     The aforesaid acts have damaged, impaired and diluted that part of Plaintiff's goodwill and good name symbolized by the Playworks Georgia Marks and without judicial intervention, will continue to cause Plaintiff irreparable harm for which there is no adequate remedy at law and monetary damage in an amount to be determined at trial.

94.     The Defendant has acted in bad faith, has been stubbornly litigious and has caused Plaintiff unnecessary trouble and expense, thereby entitling Plaintiff to an award of attorney's fees and expenses pursuant to O.C.G.A. § 13-6-11.

95. Defendant's infringement and unfair competition were fraudulent and willful and malicious, such that it raises the presumption of Defendant's conscious indifference to the consequences of its actions and the intent to do harm, thereby entitling Plaintiff to an award of exemplary damages in an amount to be determined in the enlightened conscience of a jury pursuant to O.C.G.A § 51-12-5.1.

## COUNT V

### (Common Law Misappropriation)

96. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

97. Through using the name substantially similar to that of Plaintiff, Defendant has wrongfully appropriated Plaintiff's name and likeness without Plaintiff's consent, for Defendant's own financial gain and advantage.

98. The acts of Defendant as described above constitute Defendant's misappropriation to its own use and benefit of the valuable goodwill, reputation and business property of Playworks Georgia, in violation of the common law of the State of Georgia.

99. Defendant's tortious conduct is damaging Plaintiff in an amount to be proven at trial.

100.   The Defendant has acted in bad faith, has been stubbornly litigious and has caused Plaintiff unnecessary trouble and expense, thereby entitling Plaintiff to an award of attorney's fees and expenses pursuant to O.C.G.A. § 13-6-11.

101.   Defendant has exhibited willful misconduct, malice, fraud, wantonness, oppression and/or that entire want of care which raises the presumption of its conscious indifference to the consequences and its intent to harm the Plaintiff. Therefore, Plaintiff is also entitled to recover punitive damages in an amount to be determined in the enlightened conscience of the jury at trial pursuant to O.C.G.A § 51-12-5.1.

## COUNT VI

### (For Unjust Enrichment)

102.   Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

103.   Without any contract or other authority by Plaintiff, Defendant continues to reap the value and benefit of using Plaintiff's Playworks Georgia Marks, but nevertheless seeks to avoid payment for such value received.  Defendant is unjustly accepting, reaping and retaining these benefits from Plaintiff, at Plaintiff's expense.

104.   Defendant equitably ought to compensate Plaintiff for the reasonable value of such unjust benefit and enrichment conferred to Defendant without contract or other authority by Plaintiff.   A constructive trust in Plaintiff's favor must be impressed upon the Defendant in the amounts of its continuing unjust enrichment.

105.   Defendant has been unjustly enriched and the Plaintiff is entitled to judgment therefor in an amount to be proven at trial.

106.   The Defendant has acted in bad faith, has been stubbornly litigious and has caused Plaintiff unnecessary trouble and expense, thereby entitling Plaintiff to an award of attorney's fees and expenses pursuant to O.C.G.A. § 13-6-11.

## COUNT VII

(Dilution in Violation of Georgia's Anti-Dilution Statute, O.C.G.A. § 10-1-451(b))

107.   Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

108.   Defendant's use of the Playworks Georgia Marks has caused and/or is likely to cause dilution of the distinctive quality of the Playworks Georgia Marks, with consequent damage to Playworks Georgia and the business and goodwill symbolized by said service mark and trade name, and thus constitutes trademark dilution in violation of Georgia law, O.C.G.A. § 10-1-451 (b).

109.   Unless Defendant is enjoined from engaging in such wrongful conduct, Plaintiff will continue to suffer irreparable harm for which it has no adequate remedy at law and monetary damages in an amount to be determined at trial.

110.   As a result of Defendant's acts, Defendant has caused and will continue to cause injury to Playworks Georgia, and Playworks Georgia is entitled to injunctive relief pursuant to O.C.G.A. § 10-1-451(b).

## COUNT VIII

(Injunctive Relief and Damages for Trademark / Trade Name Infringement under O.C.G.A. § 10-1-450 *et seq.*)

111.   Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs.

112.   Defendant's actions in willfully and maliciously infringing upon the Playworks Georgia Registrations and is in violation of Georgia law relating thereto, entitling Plaintiff to an immediate and permanent injunction against such further infringement pursuant to O.C.G.A. § 10-1-451.

113.   Defendant is using a confusingly similar imitation of the Playworks Georgia Marks in connection with unauthorized services, which is likely to cause confusion or mistake or to deceive the public as to the origin and association of Defendant's services. As a result of Defendant's acts, Plaintiff has suffered and is likely to suffer irreparable injury to its business reputation and mark.

114.  Defendant is infringing upon Plaintiff's Playworks Georgia Marks with knowledge and intent to cause confusion mistake or deception.

115.  Defendant's acts constitute a violation of the Georgia trademark infringement statute, O.C.G.A. §§ 10-1-450 and 10-1-451.

116.  As a result of Defendant's acts, Defendant has caused and will continue to cause injury to Playworks Georgia, and Playworks Georgia is entitled to injunctive relief, its actual damages, an accounting of Defendant's profits, and reasonable attorneys' fees pursuant to O.C.G.A. §§ 10-1-450(1) and 10-1-451(a).

**WHEREFORE**, Plaintiff respectfully prays that this Court grant Plaintiff the following relief as against Defendant:

A.   An Order preliminarily and permanently enjoining and restraining Defendant, its officers, directors, employees, agents, affiliated entities, successors, assigns and all other persons in active concert or participation with Defendant from:

1.   Further infringing in violation of 15 U.S.C. § 1125 upon Plaintiff's Playworks Georgia's Marks in the Area; further falsely creating confusion as to the source or origin of the services Defendant is providing in the Area in violation of 15 U.S.C. § 1125; and further providing services, promoting, producing, distributing, circulating,

29

selling, marketing, offering for sale or service, advertising, displaying and otherwise disposing of any service in the Area not authorized by Plaintiff which infringes on Plaintiff in violation of 15 U.S.C. § 1125;

2. Further using the name "PLAYWORKS" or any combination of that name or word, in connection with the Defendant's services in the Area in violation of the Georgia Uniform Deceptive Trade Practices Act [O.C.G.A. § 10-1-370 *et seq.]*]; the Georgia Trade Name and Service Mark Registration Statute [O.C.G.A. § 10-1-450 *et seq.*]; and O.C.G.A. § 23-2-55;

3. Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act which can or is likely to lead the trade or public, or individual members thereof, to believe that any product or service offered, sold, distributed or otherwise made available by Defendant in the Area is in any manner associated or connected with Plaintiff, or is affiliated with, connected to, sponsored, approved or authorized by Plaintiff and from offering said services in commerce into and within the Area;

4. Engaging in any other activity or course of conduct constituting unfair competition with Plaintiff in the Area, or constituting an infringement

30

in the Area of any of Plaintiff's trade names or Plaintiff's trademarks or Plaintiff's service marks in the Area, or of Plaintiff's rights in, or to use or to exploit, said trade names and trade marks or service marks in the Area or constituting any dilution of Plaintiff's name, mark, reputation or goodwill as a result of Defendant's activities relating to the Area;

5.   Engaging in any other activity or course of conduct likely to cause confusion, deception, unfair competition, misappropriation or mistake with respect to Plaintiff in the Area; to injure Plaintiff in the Area; or to dilute the Playworks Georgia Marks;

6.   Passing off or inducing or enabling others to sell or pass off in the Area, any services as those authorized by the Plaintiff which are not the Plaintiff's services or offered under Plaintiff's supervision or control or authorized for sale by the Plaintiff in connection with its marks; and

7.   Offering for service, advertising, promoting, making available or displaying the trade name and/or service mark "PLAYWORKS" and disseminating any related services and materials regarding "PLAYWORKS" into and within, the Area;

B.   An Order directing that an accounting be performed and had against the Defendant to determine all revenues, receipts, profits and other sums that

Defendant has derived and misappropriated and deprived Plaintiff from receiving by reason of Defendant's infringing activity, unfair competition and other wrongful conduct;

C.    A judgment in Plaintiff's favor against Defendant for all compensatory, enhanced and/or statutory damages Plaintiff has sustained by reason of Defendant's infringement, dilution, unfair competition, deceptive conduct, misappropriation and unjust enrichment in such amounts as shall be hereafter proven  but in no event less than $150,000.00 together with prejudgment interest thereon;

D.    A judgment taxing all costs of this action upon the Defendant;

E.    A judgment in Plaintiff's favor against the Defendant for Plaintiff's expenses of litigation incurred in this proceeding, including reasonable attorneys' fees, expert witness charges and other costs in accordance with the statutes cited in this Complaint for recovery of such expenses of litigation;

F.    A judgment in Plaintiff's favor against the Defendant for exemplary damages under Georgia law in view of Defendant's intentional, wanton and willful acts and conscious disregard of Plaintiff's rights and Defendant's intent to cause harm to Plaintiff;

G.    An Order directing that Defendant, its agents, employees, officers, directors, affiliated entities, successors, assigns and all other persons in active concert or participation with Defendant, to take affirmative steps to dispel the false impression with respect to the Plaintiff in and around the Area that heretofore has been created by Defendant's improper use of the Playworks Georgia Marks and directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any services of Defendant in the Area are affiliated with or authorized or sponsored by Plaintiff or are in any way related to Plaintiff or its services;

H.    An Order directing Defendant to file with this Court and to serve upon Plaintiff within thirty (30) days after the entry of judgment herein, a report in writing by Defendant's Chief Executive Officer or President, under oath, setting forth in detail satisfactory to the Court, the manner and form in which Defendant has complied with the foregoing injunctions;

I.    An Order providing that the Court shall retain jurisdiction of this action for the purpose of enabling Plaintiff to apply to the Court for such further orders and relief as may be necessary or appropriate for the interpretation or execution of any order entered in this action, for the modification of any such

order, for the enforcement or compliance therewith, and for the punishment of any violations thereof; and

J.    Such other and further relief as the Court may deem just, equitable or proper.

## TRIAL BY JURY

Plaintiff requests a trial by jury on all issues so triable.

Dated this the 24th day of September, 2014.

Respectfully submitted,

**Cohen Pollock Merlin & Small, P.C.**

By:   s/ Gerald B. Kline
        Gerald B. Kline
        Georgia Bar No. 425175
        3350 Riverwood Parkway
        Suite 1600
        Atlanta, Georgia  30339
        Telephone:  (770) 858-1288
        Direct Facsimile: (770) 763-3166
        Firm Facsimile:  (770) 858-1277
        gkline@cpmas.com

**Counsel for Plaintiff**

1142921.2